IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-00372-OES-PAC

SUZANNE K. RANKIN,

Plaintiff(s),

vs.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,

Defendant(s).

ORDER DENYING PLAINTIFF'S
MOTION TO STRIKE THE RAILROAD'S DEFENSES

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  September 15, 2005

This is an action that is being asserted by plaintiff pursuant to Colorado's

Premises Liability Act ("CPLA").  Colo.Rev.Stat. § 13-21-115.  Plaintiff claims that she

suffered injuries when she fell into a trench that had been dug by the railroad where

Clay Street in Sedalia, Colorado, crosses the railroad tracks.

Plaintiff has filed a motion in which she asks this court to strike certain of the

defenses that have been raised by the railroad, including its First, Second and Fourth

affirmative defenses.  Those defenses assert that plaintiff's injuries were caused

solely by her own negligence, that plaintiff assumed the risks, and/or that plaintiff was

contributorily negligent.

Plaintiff argues that because this action is being brought under the CPLA, the

railroad cannot rely upon any common law defenses.  In plaintiff's view, the CPLA

"abrogates common law defenses not specifically included in the CPLA." Pltf's Mtn at

3. She points to a recent decision by the Colorado Supreme Court that she claims

supports her view. Vigil v. Franklin, 103 P.3d 322 (Colo. 2004).

In the Vigil case, the Supreme Court held:.

> In Colorado's premises liability statute, the General
> Assembly intended to establish an exclusive specification
> of the duties landowners owe to those injured on their
> property. As such, common law landowner duties do not
> survive its enactment.
>
> Having chosen to exclusively set forth the nature and
> extent of duties owed by a landowner, the General
> Assembly also abrogated the common law regarding
> defenses to the existence of such duties. While a
> landowner may argue that he owes no duty to an injured
> plaintiff, he may do so only pursuant to the defenses set
> forth in the statute.

Id. at 331.

Plaintiff has also provided to the court several opinions by state district court

judges in Colorado who have ruled that all defenses, including those raised by the

railroad in this case, have been abrogated by the CPLA. *See* attachments to Pltf's

Mtn, Heil v. Elite Properties of America, Inc., El Paso County District Court, #04 CV 72;

Tribby v. Grizzard, Boulder County District Court, #04 CV 73; and attachments to Pltf's

Supp. to Mtn, Martin v. Union Pacific Railroad Co., Douglas County District Court, #03

CV 710. These decisions hold generally that any defenses not expressly contained

within the CPLA, including the defenses of assumption of risk and comparative

negligence, may not be raised by a landowner.

2

The railroad argues that plaintiff has read more into the <u>Vigil</u> decision than is contained there. The railroad asserts that the CPLA and the Colorado Supreme Court in <u>Vigil</u> intended only to delineate and limit the duties that are owed by landowners to persons who come upon their lands, and do not abrogate the duties that are owed to landowners by persons who enter upon the lands.

## DISCUSSION

I agree with the railroad. As the railroad noted in its Response, this court is not obligated to follow the decisions of state trial courts, and I decline to do so here. With all due respect, I disagree with the opinions of those state trial judges who have concluded that the CPLA abrogated the common law duties of care which relate to persons who enter upon the land or premises of others.

The CPLA is concerned with the duties that are owed by landowners to those who enter upon their land or premises. The General Assembly stated in the statute itself that one of its purposes in enacting the statute was "to create a legal climate which will promote private property rights and commercial enterprise and will foster the availability and affordability of insurance." Section 13-21-115(1.5)(d). As Justice Kourlis emphasized in her dissent in the <u>Vigil</u> case, "[t]he purpose of the modern premises liability statute is clear and unequivocal: namely, to promote private property rights and 'protect landowners from liability in some circumstances when they were not protected at common law.'" <u>Vigil v. Franklin</u>, 103 P.3d at 332.

I find nothing in the statute that reflects that the General Assembly intended to

revoke or abrogate the ordinary duties of care that are imposed upon persons who enter upon the lands or premises of others, and nowhere in her opinion does Justice Rice interpret the statute as having that effect. Instead, the Supreme Court through Justice Rice's opinion continually refers to the intent of the General Assembly "to establish an exclusive specification *of the duties landowners owe to those injured on their property*." Id. at 331 (emphasis added). The Court noted that the General Assembly intended in the CPLA to abrogate all of the duties and defenses that were imposed upon landowners in the common law, and substitute its specification of those duties and defenses in the statute.

If plaintiff was correct in her view of the statute, landowners would become insurers, because they could be held responsible for damages even for the injuries that are caused solely by the negligent acts of persons who come on their lands. Indeed, in regard to the defense of comparative negligence, under plaintiff's view of the statute landowners could not even hope to assign blame to a non-party at fault, even if that non-party was 100 percent to blame for the injuries suffered by a party. In light of the clear purposes of the statute, to foster the ownership of property through the explicit delineation of landowner duties and defenses, that would be an absurd result.

The railroad has pointed out that in Thornbury v. Allen, 991 P.2d 335, 340 (Colo.App. 1999), the Colorado Court of Appeals acknowledged that the trial court in that case had instructed the jury with regard to the defenses of assumption of risk and

comparative negligence, the same instructions that are at issue here, and the Court of Appeals found no error in the giving of those instructions.  Although the efficacy of those defenses was not an issue in the case or in the Court's opinion, apparently because plaintiff there did not raise the challenge that has been raised here, I conclude that the Court's acknowledgment and approval of those defenses is clear evidence that it was of the opinion that those defenses were not abrogated by the CPLA, and that the duties described in those defenses remained effective with regard to persons who enter upon the lands of others.

Finally, one of my colleagues, Judge Coan, recently has addressed this same issue in one of her opinions.  Cole v. United States, 2005 WL 1606596 (D.Colo. 2005). The same arguments raised by plaintiff here were raised by the plaintiff in her case, that is, that the General Assembly intended in the CPLA to revoke all common law defenses, specifically comparative negligence, and that Vigil v. Franklin supports that conclusion.

Judge Coan concluded, as have I, that plaintiff argued for an overly-expansive interpretation of the Vigil case.  In Judge Coan's view, in interpreting the CPLA the Supreme Court held only that the legislature intended in the statute to "preempt[ ] the common law-created *duties owed to those coming upon the land.*"  Id. at *2 (emphasis added).  With regard to comparative negligence, Judge Coan held that it "is not a defense to any duty element of a negligence claim – it is a creature of statute designed to apportion damages (by a judge or a jury as fact-finder) among parties

5

(including the plaintiff) based on the percentage of fault attributable to each party or non-party." Id.

In summary, and for all of the reasons provided above, I will deny plaintiff's motion to strike the railroad's defenses.

## CONCLUSION

It is therefore ORDERED that plaintiff's Motion to Strike [defendant's defenses] [filed April 15, 2005] is DENIED.

Dated at Denver this day of September 15, 2005

BY THE COURT:

s/ O. Edward Schlatter

_____
O. Edward Schlatter
U.S. Magistrate Judge